Frank Scherkenbach (CA SBN 142549)
scherkenbach@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878
Telephone:  (617) 542-5070
Facsimile:   (617) 542-8906

Jonathan J. Lamberson (CA SBN 239107)
lamberson@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile:  (650) 839-5071

John W. Thornburgh (CA SBN 154627)
thornburgh@fr.com
Olga I. May (CA SBN 232012)
omay@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone:  (858) 678-5070
Facsimile:   (858) 678-5099

Attorneys for Plaintiff
MICROSOFT CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>             Plaintiff,<br><br>      v.<br><br>COREL CORPORATION AND COREL INC.,<br><br>             Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 5:15-cv-05836-EJD<br><br>**PLAINTIFF MICROSOFT CORPORATION'S PARTIALLY UNOPPOSED ADMINISTRATIVE MOTION FOR 60-DAY EXTENSION OF TIME FOR ITS OPPOSITION TO COREL CORPORATION AND COREL INC.'S MOTION FOR SUMMARY JUDGMENT UNDER RULE 56(D)**<br><br>**REDACTED**<br><br>Judge:       Hon. Edward J. Davila<br>Crtrm.:       4, 5th Floor |

## I. INTRODUCTION

Plaintiff Microsoft Corporation requests a 60-day extension of time to file its opposition to Corel's Motion for Partial Summary Judgment on Defense of Express License, currently due on June 6.  This case is still in early stages.  Corel moved for summary judgment without ever producing any discovery except for the unrelated mandatory Patent L.R. 3-4 production for its invalidity contentions.  Given the potentially claim-dispositive nature of Corel's motion, this extension is necessary for Microsoft to obtain facts essential to its opposition and to present the Court with a complete record for a well-informed decision.

Corel does not oppose the 60-day extension but wants to limit Microsoft's discovery to only one issue. [May Decl., Ex. A, B.]  Microsoft should be allowed to conduct any discovery relevant to its opposition to Corel's potentially claim-dispositive motion, on any issue that may raise a genuine issue of material fact.  Denial of this discovery would severely prejudice Microsoft.  In contrast, the extension would not prejudice Corel, given Corel's consent to the extension, the October 6 hearing date, and early stages of the case.

## II. BACKGROUND

Microsoft filed this case for infringement of its nine patents on December 18, 2015.  [D.I. 1.]  Defendants Corel Corporation and Corel, Inc. (collectively "Corel") filed their Answer on February 17, 2016.  [D.I. 28.]  Three months later, on May 19, 2016, Corel for the first time notified Microsoft that Corel intends to move to amend its Answer to add a defense based on the agreement the parties executed in 2000.[1]  [May Decl. ¶ 1.]  On May 20, Corel moved to amend its Answer, including to add a defense of an express license for U.S. Patent No. 5,510,980 ("the '980 patent"). [D.I. 47.]  On May 23, Corel for the first time informed Microsoft that Corel also intends to move for summary judgment on this defense.  [May Decl. ¶ 2.]  Corel filed the motion the same

---

[1] Corel's assertion in its motion to amend claims that Microsoft "did not disclose" this agreement is wrong. [D.I. 47, Mot. at ¶ 4.]  Microsoft referenced this agreement in its Complaint. [D.I. 1, Compl. ¶ 48 ("Corel has had knowledge of Microsoft's rights in the '980 patent since at least the date of its issuance on April 23, 1996, and no later than 2000, when the parties had confidential interactions that cannot be detailed in this public filing. As a result of these interactions, in 2000, Corel was aware that it needed a license to the '980 patent for Corel's products."]  Further, Corel is a party to this agreement, executed in 2000, and has been well aware of its existence.

1  MICROSOFT MOTION FOR EXTENSION OF TIME
Case No. 5:15-cv-05836-EJD

1   day, May 23. [D.I. 48.]
2   ■
3   ■
4   ■
5   ■
6   ■
7   ■
8   ■
9   ■
10  ■
11  ■
12  ■
13  ■
14  ■
15  ■
16  ■
17  ■
18  ■
19  [D.I. 49-3, Ex. A to Hall Decl. at p. 7.]
20  ■
21  ■
22  ■
23  ■
24  ■
25  ■ [May Decl. ¶¶ 4-7.]
26      Discovery in this case is in early stages. Microsoft served its first sets of Requests for

---

[2] Microsoft identified these grounds based on its present investigation. Microsoft does not waive its right to raise other issues or grounds in its opposition.

1 | Production and Interrogatories on February 26, 2016. To date, Corel has not produced any
2 | documents beyond those required with its invalidity contentions under Patent L.R. 3-4. [May
3 | Decl. ¶ 3.] The parties have not taken a single deposition. *Id.*
4 | The fact discovery cut-off is February 17, 2017, expert discovery cut-off is May 12, 2017,
5 | deadline for filing dispositive motions is May 30, 2017, and no trial date has been set. [D.I. 38.]

### III. LEGAL STANDARD

Rule 56(d) provides:

When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
  (1) defer considering the motion or deny it;
  (2) allow time to obtain affidavits or declarations or to take discovery; or
  (3) issue any other appropriate order.

"Where a summary judgment motion is filed before a party has an opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(d) motion *fairly freely*. The rule requires discovery where the non-moving party has not had the opportunity to discover information that is essential to its opposition. *Tessenderlo Kerley, Inc. v. Or-Cal, Inc.*, 2012 WL 2054994, at *2 (N.D. Cal. June 5, 2012) (citing *Burlington Northern Santa Fe v. Assiniboine & Sioux Tribes*, 323 F.3d 767, 773 (9th Cir. 2003)) (emphasis added).

### IV. ARGUMENT

The extension is necessary to allow Microsoft adequate opportunity to prepare an opposition to Corel's potentially claim-dispositive motion. Corel's motion for partial summary judgment is based on the ███████████ Microsoft needs to conduct discovery, including into evidence that ████████████████████████████████████████████████ ███████████████████, Corel's motion should be denied.

████████████████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

1 ▮

2 ▮

3 ▮

4 ▮

5 ▮

6

7 ▮

8 ▮

9 ▮

10 ▮

11 ▮

12 ▮. [May Decl. ¶ 5.]

13 ▮

14 ▮

15 ▮

16 2:15-cv-00528-EJF ▮

17 ▮

18 ▮

19 ▮

20

21 ▮

22 ▮

23 ▮ Corel Software LLC brought the

24 Utah suit asserting those patents against Microsoft. With its motion for partial summary

25 judgment, Corel submitted a declaration of Patrick Nichols with the unsupported conclusory

26 statement that ▮

27 ───────────────

28 [3] *See* http://www.vectorcapital.com/investments/case-study/corel; https://en.wikipedia.org/wiki/Corel

1  ████████████████████████████████████ Microsoft needs to
2  conduct discovery into whether ████████████████████████████████
3  ████████████████████████████████████████████████████████████████
4  ███████████ and any support for Mr. Nichols' statements.  [May Decl. ¶ 6.]  Finally,
5  Microsoft needs to conduct discovery into whether Corel ████████████████
6  ███████████████████████████████ [May Decl. ¶ 7.]

7      To the best of Microsoft's knowledge, the information described above is likely to exist, is Corel's internal information, and is in possession of Corel.  Microsoft anticipates to obtain this information through depositions and written discovery.  [May Decl. ¶¶ 8-9.]

    The relief Microsoft seeks will resolve the issues efficiently and without prejudice to Corel.  Corel has already acknowledged that it will not be prejudiced by a 60-day extension because Corel agreed to the extension of time.  [May Decl., Ex. A.]  This extension will not affect the hearing on the motion, currently set for October 6, 2016.[4]  Barring any discovery disputes, the motion will be fully briefed well before October 6.

    Corel should not be allowed to put any limitations on any relevant discovery by Microsoft during that time.  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Nor can Corel dictate Microsoft's position and limit the issues Microsoft can raise in its opposition.

    In contrast, denial of this extension would severely prejudice Microsoft.  Corel filed this motion for summary judgment before giving Microsoft any chance to conduct discovery on the issues.  Corel should not be allowed to seek a potentially claim-dispositive ruling without providing Microsoft an opportunity to investigate and prepare a thorough response.

## V.    CONCLUSION

    Based on the above, Microsoft should be granted a 60-day extension to prepare its opposition without any limitations on discovery beyond those under applicable law.

---

[4] When Corel contacted Microsoft regarding the hearing on its motion for summary judgment, Microsoft informed Corel that October 6 is not a convenient date.  Microsoft is available on October 20, 27, and November 17.  Corel advised Microsoft that it contacted the Court regarding rescheduling the hearing.

| | | |
|---|---|---|
| 1 | Dated: May 31, 2016 | FISH & RICHARDSON P.C. |
| 2 | | By: */s/ Olga I. May* |
| 3 | | Olga I. May |
| 4 | | Frank Scherkenbach (CA SBN 142549)<br>scherkenbach@fr.com<br>FISH & RICHARDSON P.C.<br>One Marina Park Drive<br>Boston, MA 02210-1878<br>Telephone: (617) 542-5070<br>Facsimile: (617) 542-8906 |
| 8 | | Jonathan J. Lamberson (CA SBN 239107)<br>lamberson@fr.com<br>FISH & RICHARDSON P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063<br>Telephone: (650) 839-5070<br>Facsimile: (650) 839-5071 |
| 12 | | John W. Thornburgh (CA SBN 154627)<br>thornburgh@fr.com<br>Olga I. May (CA SBN 232012)<br>omay@fr.com<br>FISH & RICHARDSON P.C.<br>12390 El Camino Real<br>San Diego, CA 92130<br>Telephone: (858) 678-5070<br>Facsimile: (858) 678-5099 |
| 17 | | Attorneys for Plaintiff<br>MICROSOFT CORPORATION |