UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>COREL CORPORATION, et al.,<br><br>Defendants. | Case No. 5:15-cv-05836-EJD<br><br>**SECOND ORDER RE: MOTIONS** *IN LIMINE*<br><br>Re: Dkt. No. 237, 240, 243, 252 |

Presently before the Court is the balance of the parties' motions *in limine*. Dkt. Nos. 237, 240, 243, 252. Having considered the moving and responding papers along with the argument held at the Final Pretrial Conference, the Court rules as follows as to the remaining motions:

1.      Microsoft's second motion to preclude Corel from introducing into evidence, or referring in any way to, the fact that David Barkan or Fish & Richardson previously served as counsel to Corel is GRANTED IN PART and DENIED IN PART.

Microsoft's counsel of record, Fish and Richardson, and its attorney David Barkan represented Corel in intellectual property matters until around June 2013. Dkt. No. 253 at 1. Corel has indicated that it intends to call its former General Counsel, Eleanor Lacey, and that Ms. Lacey may testify that, had Microsoft raised any intellectual property concerns with Corel in the 2009-10 timeframe, she would have raised them with Mr. Barkan. *See* Dkt. No. 253 at 2; Dkt. No. 259 at 2-3. Microsoft now moves to exclude any reference to Mr. Barkan or Fish and Richardson as irrelevant, prejudicial, and precluded by Rule 37. Dkt. No. 253.

Under Federal Rule of Evidence 401, evidence is relevant if: "(a) it has any tendency to

1   make a fact more or less probable than it would be without the evidence; and (b) the fact is of

2   consequence in determining the action." The Court agrees with Microsoft that the specific identity

3   of who served as Corel's intellectual property counsel in 2009-10 is not relevant. However, the

4   remainder of Ms. Lacey's proposed testimony—including, for example, the fact that Corel would

5   have raised concerns about Microsoft's patents with "IP counsel" in 2009-10 and that there is no

6   indication that such discussions with "IP counsel" took place—is relevant to issues of pre-suit

7   knowledge and willfulness. Accordingly, only the specific identification of Fish & Richardson

8   and Mr. Barkan as "IP counsel" will be precluded under Rule 401.

9      Under Federal Rule of Evidence 403, relevant evidence can be excluded "if its probative value

10  is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the

11  jury, undue delay, wasting time, or needlessly presenting cumulative evidence." All of the Rule 403

12  concerns raised by Microsoft relate to the specific identification of Fish & Richardson and Mr.

13  Barkan. Because the Court will exclude this, no Rule 403 concerns remain.

14     2.  Corel's fourth motion to preclude Microsoft from offering at trial Greg Wood's

15  deposition testimony from *Corel Software, LLC v. Microsoft Corp.*, No. 2:15-cv-00528-JNP (D.

16  Utah) ("the Utah litigation") pertaining to Corel's pre-suit notice or pre-suit knowledge of the

17  Ribbon Patents is GRANTED.

18     Federal Rule of Civil Procedure 26(a)(1) requires the disclosure of "each individual likely

19  to have discoverable information . . . the disclosing party may use to support its claims or

20  defenses, unless the use would be solely for impeachment." Parties who fail to comply with Rule

21  26(a)(1) become subject to a sanction under Rule 37(c)(1), which provides that "[i]f a party fails to

22  . . . identify a witness as required by Rule 26(a) . . ., the party is not allowed to use that . . . witness

23  to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."

24  Here, Microsoft did not disclose Mr. Wood as a witness in its initial disclosures, nor did it mention

25  Mr. Wood's deposition testimony in its interrogatory responses on pre-suit knowledge. *See* Dkt.

26  Nos. 237-5, 237-7, 236-6. As such, it failed to comply with Rule 26(a)(1). Nevertheless,

27  Microsoft and Corel have explicitly agreed to cross-use discovery between this case and the Utah

28  Case No.: 5:15-cv-05836-EJD
SECOND ORDER RE: MOTIONS *IN LIMINE*

1  litigation, Dkt. No. 237-6, and Microsoft disclosed Mr. Wood as a witness in the Utah litigation,

2  Dkt. No. 271-1.  Microsoft argues that, because of this, its failure to disclose Mr. Wood was

3  harmless.  Dkt. No. 237 at 1-2.

4      The Court disagrees.  Even though Corel was aware of Mr. Wood and his deposition

5  testimony through the Utah litigation, this does not mean that Microsoft's failure to disclose him

6  as a witness in this case is harmless.  The issues in this case are not identical to those in the Utah

7  case and, had Corel known that Mr. Wood would serve as a witness in this case, it may have

8  prepared him differently for his deposition or solicited additional testimony from him on re-direct.

9  Microsoft's failure to disclose Mr. Wood denied Corel this opportunity, and, as such, was not

10  harmless.

11      3.      Corel's fifth motion to preclude Microsoft's witness, Ryan Demopoulos, from

12  offering expert opinions at trial in violation of Federal Rule of Evidence 701 is GRANTED.

13      Federal Rule of Civil Procedure 26(a)(1) requires the disclosure of "each individual likely

14  to have discoverable information . . . the disclosing party may use to support its claims or

15  defenses, unless the use would be solely for impeachment." Parties who fail to comply with Rule

16  26(a)(1) become subject to a sanction under Rule 37(c)(1), which provides that "[i]f a party fails to

17  . . . identify a witness as required by Rule 26(a) . . ., the party is not allowed to use that . . . witness

18  to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."

19  Here, Microsoft did not disclose Mr. Demopoulos as a witness until after the close of fact

20  discovery.  As such, Microsoft failed to comply with Rule 26(a)(1).

21      Microsoft nevertheless argues that this failure was (1) substantially justified because it first

22  discovered that it would rely on Mr. Demopoulos's testimony during expert discovery, and

23  (2) harmless because Corel has been aware of Mr. Demopoulos at least since the time Microsoft

24  served its damages expert report—now roughly 10 months—and has had since that time to request

25  his deposition.  Dkt. No. 272 at 3-4.  Neither of these arguments are persuasive.  Microsoft's

26  Ribbon technology has been at issue since the beginning of this case, and there is no reason why

27  Microsoft could not have located and disclosed Mr. Demopoulos—a seemingly apparent witness

28  Case No.: 5:15-cv-05836-EJD
SECOND ORDER RE: MOTIONS *IN LIMINE*

3

United States District Court
Northern District of California

1   on this topic—during fact discovery.  Further, the circumstances of this case are complicated

2   enough that simply disclosing Mr. Demopoulos during expert discovery or offering his deposition

3   on the eve of trial does not make Microsoft's late disclosure harmless.  Accordingly, with the

4   exception of the limited capacity in which the Court will permit Mr. Demopoulos to testify

5   according to its ruling on Corel's third motion *in limine*, Dkt. No. 278, Mr. Demopoulos will be

6   precluded from testifying under Rule 37.

7          Of course, the fact that Mr. Demopoulos will not be permitted to testify at trial does not

8   prevent Microsoft's damages expert, Ambreen Salters, from relying on discussions with Mr.

9   Demopoulos in forming her damages opinions.  Ms. Salters is also free to testify about these

10  discussions—including, for example, discussions about the time it would take an engineer to

11  implement a ribbon using the Ribbon APIs[1]—in explaining the bases for her opinions to the jury.

12         Because the Court will not permit lay testimony from Mr. Demopoulos, Corel's Rule 701

13  concerns are moot.  The Court need not reach these issues.

14         4.      Corel's seventh motion to preclude Microsoft's witness, Matthew Androski, from

15  offering expert opinions at trial in violation of Federal Rule of Evidence 701 is GRANTED.

16         Federal Rule of Civil Procedure 26(a)(1) requires the disclosure of "each individual likely

17  to have discoverable information . . . the disclosing party may use to support its claims or

18  defenses, unless the use would be solely for impeachment." Parties who fail to comply with Rule

19  26(a)(1) become subject to a sanction under Rule 37(c)(1), which provides that "[i]f a party fails to

20  . . . identify a witness as required by Rule 26(a) . . ., the party is not allowed to use that . . . witness

21  to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."

22  Here, as with Mr. Demopoulos, Microsoft did not disclose Mr. Androski as a witness until after

23  the close of fact discovery.  As such, Microsoft failed to comply with Rule 26(a)(1).

24         Microsoft nevertheless argues that this failure was harmless because Mr. Androski was

25

26

27  [1] Indeed, Ms. Salters's report already states the time "[a]ccording to estimates provided by
    Microsoft engineers" it would take an engineer to implement a ribbon using the Ribbon APIs and
    cites Mr. Demopoulos as the source.  Dkt. No. 167-4 ¶ 73.

28  Case No.: 5:15-cv-05836-EJD
    SECOND ORDER RE: MOTIONS *IN LIMINE*

4

United States District Court
Northern District of California

1  disclosed as a witness in the Utah litigation. Dkt. No. 274 at 3. However, as discussed above with

2  respect to Corel's fourth motion *in limine*, the fact that Mr. Androski was disclosed as a witness

3  during the Utah litigation does not insulate Microsoft from its failure to disclose Mr. Androski

4  here. These cases are different and, had Corel known that Microsoft intended to call Mr. Androski

5  as a witness, it might have sought to depose him, and with an eye toward the specific testimony

6  that he will give here. Microsoft also repeats the same arguments for substantial justification and

7  harmlessness that it used with Mr. Demopoulos, Dkt. No. 274 at 3-4, however, these are

8  unpersuasive for the same reasons discussed with respect to him. Accordingly, the Court will

9  preclude Mr. Androski from testifying under Rule 37.

10       Nevertheless, as with Mr. Demopoulos, the fact that Mr. Androski will not be permitted to

11  testify at trial does not prevent Ms. Salters from relying on discussions with Mr. Androski in

12  forming her damages opinions. Ms. Salters is also free to testify about these discussions—

13  including, for example, discussions about the time it would take an engineer to implement a

14  design-around for the '980 patent—in explaining the bases for her opinions to the jury.

15       At the Final Pretrial Conference, Microsoft made the additional argument that the Court

16  should permit testimony from Mr. Androski because, following the Court's *Daubert* ruling (Dkt.

17  No. 221), Mr. Androski is the only witness who will be able to provide an estimate of the time it

18  will take to implement a single non-infringing alternative for the '980 patent. This is true—the

19  current version of Ms. Salters's report only cites the amount of time it would take to implement

20  two non-infringing alternatives (i.e., the "manual selection" and the "separate pane") together and

21  does not separate them out. *See* Dkt. No. 221 at 5. However, rather than permitting Mr. Androski

22  to testify, the Court finds it more appropriate to permit Ms. Salters to correct her report.

23  Accordingly, by January 26, 2018, Microsoft may serve a two-page supplemental report which

24  states the time that it would take a Microsoft engineer to implement a single non-infringing

25  alternative (i.e., a statement similar to that in Dkt. No. 167-4 ¶ 79, with updated numbers) and

26  adjusts damages calculations accordingly.

27       Because the Court will not permit lay testimony from Mr. Androski, Corel's Rule 701

28  Case No.: 5:15-cv-05836-EJD
SECOND ORDER RE: MOTIONS *IN LIMINE*

concerns are moot.  The Court need not reach these issues.

**IT IS SO ORDERED.**

Dated: January 23, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cv-05836-EJD
SECOND ORDER RE: MOTIONS *IN LIMINE*

6