United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>COREL CORPORATION, et al.,<br><br>Defendants. | Case No. 5:15-cv-05836-EJD<br><br>**OMNIBUS ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 227, 230, 233, 236, 239, 251, 253, 255, 258, 260, 268 |

Before the Court are administrative motions to seal filed by the parties in connection with their motions *in limine* and other pretrial orders. For the reasons set forth below, the motions at Dkt. Nos. 227, 230, 233, 236, 251, 258, and 268 are DENIED, the motion at Dkt. No. 239 is GRANTED, and the motions at Dkt. No. 253, 255, and 260 are GRANTED IN PART and DENIED IN PART.

**I.  LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id*. at 1097. In addition, sealing motions filed in this

Case No.: 5:15-cv-05836-EJD
OMNIBUS ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL

1

district must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id*.

## II. DISCUSSION

The Court has reviewed each of the parties' sealing motions and the declarations submitted in support thereof. The Court finds that the parties have articulated compelling reasons and good cause to seal the submitted documents. The proposed redactions are also narrowly tailored. The Court's rulings on the sealing requests are set forth in the tables below:

### A. Dkt. No. 227

| Materials to be Sealed | Order | Reasoning |
|---|---|---|
| Corel's Motion *in Limine* #1 to Preclude Certain Pre-Suit Notice Testimony | DENIED without prejudice | Microsoft, the designating party, has not filed a declaration in support of sealing. |
| Exhibit 2 to Corel's Motion *in Limine* #1 (excerpts of the 30(b)(6) deposition transcript of Microsoft) | DENIED without prejudice | Microsoft, the designating party, has not filed a declaration in support of sealing. |
| Exhibit 3 to Corel's Motion *in Limine* #1 (Microsoft Corporation's Responses to Corel Corporation's Second Set of Interrogatories (Nos. 4-15)) | DENIED without prejudice | Microsoft, the designating party, has not filed a declaration in support of sealing. |
| Exhibit 5 to Corel's Motion *in Limine* #1 (parties' draft joint letter brief) | DENIED without prejudice | Microsoft, the designating party, has not filed a declaration in support of sealing. |
| Exhibit 6 to Corel's Motion *in Limine* #1 (email from Olga May, counsel for Microsoft, dated March 21, 2017) | DENIED without prejudice | Microsoft, the designating party, has not filed a declaration in support of sealing. |

### B. Dkt. No. 230

| Materials to be Sealed | Order | Reasoning |
|---|---|---|
| Corel's Motion *in Limine* #2 to Exclude Any Evidence that Contradicts Microsoft's 30(b)(6) Witness Testimony on Pre-Suit Notice | DENIED without prejudice | Microsoft, the designating party, has not filed a declaration in support of sealing. |
| Exhibit 2 to Corel's Motion *in Limine* #2 (excerpts of the 30(b)(6) deposition transcript of Microsoft) | DENIED without prejudice | Microsoft, the designating party, has not filed a declaration in support of sealing. |
| Exhibit 3 to Corel's Motion *in Limine* #2 (Microsoft Corporation's Responses to Corel Corporation's Second Set of Interrogatories (Nos. 4-15)) | DENIED without prejudice | Microsoft, the designating party, has not filed a declaration in support of sealing. |
| Exhibit 5 to Corel's Motion *in Limine* | DENIED | Microsoft, the designating party, has not |

| Materials to be Sealed | Order | Reasoning |
| --- | --- | --- |
| #2 (parties' draft joint letter brief) | without prejudice | filed a declaration in support of sealing. |
| Exhibit 6 to Corel's Motion *in Limine* #2 (email from Olga May, counsel for Microsoft, dated March 21, 2017) | DENIED without prejudice | Microsoft, the designating party, has not filed a declaration in support of sealing. |

### C. Dkt. No. 233

| Materials to be Sealed | Order | Reasoning |
| --- | --- | --- |
| Exhibit 4 to Corel's Motion *in Limine* #3 (Microsoft Corporation's Responses to Corel Corporation's Second Set of Interrogatories (Nos. 4-15)) | DENIED without prejudice | Microsoft, the designating party, has not filed a declaration in support of sealing. |

### D. Dkt. No. 236

| Materials to be Sealed | Order | Reasoning |
| --- | --- | --- |
| Exhibit 1 to Corel's Motion *in Limine* #4 (excerpts of the Greg Wood's deposition transcript, dated May 19, 2016, from *Corel Software, LLC v. Microsoft Corp.*, No. 2:15-cv-00528-JNP (D. Utah) ("Utah Case")) | DENIED without prejudice | The only reason provided for sealing is that the excerpts were designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order entered in the Utah Case. *See* Dkt. No. 236-1. However this, in and of itself, is not a sufficient basis for sealing. |
| Exhibit 6 to Corel's Motion *in Limine* #4 (Microsoft Corporation's Responses to Corel Corporation's Second Set of Interrogatories (Nos. 4-15)) | DENIED without prejudice | Microsoft, the designating party, has not filed a declaration in support of sealing. |

### E. Dkt. No. 239

| Materials to be Sealed | Order | Reasoning |
| --- | --- | --- |
| Exhibit 1 to Corel's Motion *in Limine* #5 (Opening Expert Report of Ambreen Salters on Behalf of Microsoft Corporation) | GRANTED. | Contains confidential information to Microsoft. Dkt. No. 263. |

### F. Dkt. No. 251

| Materials to be Sealed | Order | Reasoning |
| --- | --- | --- |
| Microsoft's Motion *in Limine* No. 2: Exclusion of Reference to Fish & Richardson as former Counsel to Corel | DENIED. | Corel, the designating party, does not seek the sealing of the portions of the MSFT MIL # 2 that excerpt or reference the personal deposition of Eleanor Lacey. Dkt. No. 262. |
| Exhibit A to Microsoft's Motion *in Limine* No. 2 (excerpts from the personal deposition of Eleanor Lacey) | DENIED. | Corel, the designating party, does not seek the sealing of Exhibit A. Dkt. No. 262. |

### G. Dkt. No. 253

| Materials to be Sealed | Order | Reasoning |
| --- | --- | --- |
| Microsoft's Motion *in Limine* No. 3: Exclusion of Reference to Corel's Counterclaims and Affirmative | GRANTED. | Contains confidential information relating to Ability's and Corel's licensing relationship, including sensitive business |

| Materials to be Sealed | Order | Reasoning |
|---|---|---|
| Defenses | | information about Ability's licensing relationship with a third party. Dkt. No. 262-1. |
| Exhibit A to Microsoft's Motion *in Limine* No. 3 (excerpts to the deposition transcript of Russell Miller) | GRANTED. | Contains confidential information relating to Ability's and Corel's licensing relationship, including sensitive business information about Ability's licensing relationship with a third party. Dkt. No. 262-1. |
| Exhibit B to Microsoft's Motion *in Limine* No. 3 (excerpts from the personal deposition of Patrick Nichols) | DENIED. | Corel, the designating party, does not seek the sealing of Exhibit B. Dkt. No. 262. |

### H. Dkt. No. 255

| Materials to be Sealed | Order | Reasoning |
|---|---|---|
| Corel's Opposition to Microsoft's Motion *In Limine* No. 1: Exclusion of Evidence or Arguments Relating to Non-Infringement or Invalidity of the Asserted Patents | DENIED without prejudice | Microsoft, the designating party, has not filed a declaration in support of sealing. |
| Exhibit 1 to Corel's Opposition to Microsoft's Motion *In Limine* No. 1 (email from Microsoft, dated December 20, 2016) | GRANTED. | Contains highly sensitive business information concerning the relationship between Microsoft and Corel and confidential financial information. Dkt. No. 255-1 ¶ 4. |
| Exhibit 2 to Corel's Opposition to Microsoft's Motion *In Limine* No. 1 (Microsoft Corporation's Responses to Corel Corporation's Second Set of Interrogatories (Nos. 4-15)) | DENIED without prejudice | Microsoft, the designating party, has not filed a declaration in support of sealing. |

### I. Dkt. No. 258

| Materials to be Sealed | Order | Reasoning |
|---|---|---|
| Exhibit 1 to Corel's Opposition to Microsoft's Motion *In Limine* No. 2: Exclusion of Reference to Fish & Richardson as Former Counsel to Corel (Microsoft Corporation's Responses to Corel Corporation's Second Set of Interrogatories (Nos. 4-15)) | DENIED without prejudice | Microsoft, the designating party, has not filed a declaration in support of sealing. |

### J. Dkt. No. 260

| Materials to be Sealed | Order | |
|---|---|---|
| Corel's Opposition to Microsoft's Motion *In Limine* No. 3: Exclusion of Reference to Corel's Counterclaims and Affirmative Defenses | DENIED without prejudice as to the highlighted portions on p. 1 ll. 13-16; GRANTED as to the | For the highlighted portions on p. 1 ll. 13-16: Microsoft, the designating party, has not filed a declaration in support of sealing. For the remainder: contains confidential business information relating to Corel and/or Ability. See Dkt. No. 260-1 ¶¶ 5-8. |

Case No.: 5:15-cv-05836-EJD
OMNIBUS ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL

4

| Materials to be Sealed | Order | Reasoning |
|---|---|---|
| | | remainder. |
| Exhibit 2 to Corel's Opposition to Microsoft's Motion *In Limine* No. 3 (excerpts of the deposition transcript of Jay Paulus, 30(b)(6) witness for Microsoft) | DENIED without prejudice | Microsoft, the designating party, has not filed a declaration in support of sealing. |
| Exhibit 5 to Corel's Opposition to Microsoft's Motion *In Limine* No. 3 (excerpts from the personal deposition of third party Christopher England) | GRANTED. | Contains confidential information relating to Ability's and Corel's licensing relationship, including sensitive business information about development of products, and Ability's licensing relationship with a third party. Dkt. No. 260-1 ¶ 5. |
| Exhibit 6 to Corel's Opposition to Microsoft's Motion *In Limine* No. 3 (Confidential Information Memorandum, dated November 7, 2006, that was prepared on behalf of Ability and shared with Corel) | GRANTED. | Contains highly sensitive information concerning the business relationship between Ability and Corel. Dkt. No. 260-1 ¶ 6. |
| Exhibit 7 to Corel's Opposition to Microsoft's Motion *In Limine* No. 3 (confidential licensing agreement between Corel and third party Ability International Software (UK)) | GRANTED. | Contains sensitive financial and business information, including contract price and Corel's valuation of the license. Dkt. No. 260-1 ¶ 7. |
| Exhibit 8 to Corel's Opposition to Microsoft's Motion *In Limine* No. 3 (excerpts of the personal deposition transcript of Russell Miller) | GRANTED. | Contains confidential information relating to Ability's and Corel's licensing relationship, including sensitive business information about development of products, and Ability's licensing relationship with a third party. Dkt. No. 260-1 ¶ 8. |

**K.     Dkt. No. 268**

| Materials to be Sealed | Order | Reasoning |
|---|---|---|
| Microsoft's Opposition to Corel's Motion *in Limine* #2: Exclude Any Evidence that Contradicts Microsoft's 30(b)(6) Witness Testimony on Pre-Suit Notice | DENIED without prejudice | The only reason provided for sealing is that the excerpts were designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order entered in the Utah Case. *See* Dkt. No. 281. However this, in and of itself, is not a sufficient basis for sealing. |
| Exhibit B to Microsoft's Opposition to Corel's Motion *in Limine* #2 (excerpts from the deposition transcript of Russell Miller) | DENIED without prejudice | The only reason provided for sealing is that the excerpts were designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order entered in the Utah Case. *See* Dkt. No. 281. However this, in and of itself, is not a sufficient basis for sealing. |

### III. ORDER

For the reasons set forth above, the motions at Dkt. Nos. 227, 230, 233, 236, 251, 258, and 268 are DENIED, the motion at Dkt. No. 239 is GRANTED, and the motions at Dkt. No. 253, 255, and 260 are GRANTED IN PART and DENIED IN PART. Under Civil Local Rule 79-5(e)(2), for any request that has been denied because the party designating a document as confidential or subject to a protective order has not provided sufficient reasons to seal, the submitting party must file the unredacted (or lesser redacted) documents into the public record no earlier than 4 days and no later than 10 days from the filing of this order.

**IT IS SO ORDERED.**

Dated: January 23, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cv-05836-EJD
OMNIBUS ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL
6